# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9101 | **DATE** | 10/29/2003 |
| **CASE TITLE** | WILLIAMS vs. THE THRESHOLDS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]  Defendant's bill of costs [40-1] is approved in part. Thresholds is awarded $2,560.70 in costs. ENTER MEMORANDUM OPINION AND ORDER |

*[signature: Suzanne B. Conlon]*

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: CB

Date/time received in central Clerk's Office

number of notices

OCT 31 2003 date docketed

docketing deputy initials

10/29/2003 date mailed notice

PW mailing deputy initials

Document Number: 43

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MILTON WILLIAMS, )
)
               Plaintiff, ) No. 02 C 9101
)
v. ) Suzanne B. Conlon, Judge
)
THE THRESHOLDS, INC., )
)
               Defendant. )

DOCKETED
OCT 31 2003

## MEMORANDUM OPINION AND ORDER

    Milton Williams sued The Thresholds, Inc. for violation of Title VII of the Civil Rights Act of 1964, as amended in 1991 (Title VII), 42 U.S.C. § 2000, *et seq.*, 42 U.S.C. § 1981, and the Americans with Disability Act (ADA), 42 U.S.C. § 12112 *et seq.* The court granted Thresholds' motion for summary judgment on all claims. *See Williams v. The Thresholds, Inc.*, No. 02 C 9101, 2003 WL 22232835, *1 (N.D.Ill. Sept. 22, 2003). Thresholds seeks $4,215.66 in costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.

## DISCUSSION

    "[C]osts ... shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d). However, Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur. . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964). Recoverable costs are specified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Recoverable costs include: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3)

1

fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. In its bill of costs, Thresholds seeks costs incurred for depositions, service of subpoenas, witness attendance and copying. Generally, only two reasons justify denying costs: (1) misconduct by the prevailing party worthy of penalty; or (2) the losing party's inability to pay. *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). Williams contends the court should deny Thresholds' costs because they are excessive and he lacks the ability to pay.

Williams bears the burden of showing he is unable to pay. *Corder v. Lucent Technologies, Inc.*, 162 F.3d 924, 929 (7th Cir. 1998). Actual indigence, not just limited financial resources, must be demonstrated in order to overcome the strong presumption favoring an award of costs. *Sanglap v. LaSalle Bank, FSB*, 194 F. Supp.2d 798, 801 (N.D. Ill. 2002). Williams asserts that he was unemployed for some time after his discharge from Thresholds, and claims he will suffer undue financial hardship if he is required to pay Thresholds' costs. However, he failed to provide an affidavit identifying his current income, assets and liabilities. Without this information, Williams cannot establish his inability to pay costs now or in the future. *See McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). Consequently, the court must tax costs.

Thresholds seeks $315.00 for costs related to serving Dr. Peoples, Burlington Northern Santa Fe Railway, the Claridge Hotel, and John E. Horn.[1] Williams contends the subpoenas served on the Claridge Hotel and John Horn were unnecessary to the litigation because their only object was information already available from his testimony. Williams worked at the Claridge Hotel at the same

---

[1]These deponents were respectively Williams' primary physician, his employer after leaving Thresholds, another employer while working at Thresolds, and the attorney who represented him on his disability claim with the Social Security Administration.

2

time he worked at Thresholds. Horn appears to have had the only copy of Williams' Social Security disability claim. Clearly, both the Claridge Hotel and Horn may have had information relevant to Williams' employment discrimination claims. *See Devito v. Chicago Park Dist.*, 270 F.3d 532 (7th Cir. 2001) (representations made in SSA disability application may bar discrimination claims based on ability to work). Accordingly, Thresholds may recover some of the costs associated with serving the Claridge Hotel and Horn.

Prevailing parties may recover service costs that do not exceed the U.S. Marshal's fees, regardless who effects service. *Hall v. Chicago*, No. 98 C 4682, 2003 WL 21518536 at *3 (N.D.Ill. July 2, 2003). The U.S. Marshal charges $40 per hour for the first two hours and $20 for every hour thereafter. *Id.* The prevailing party is entitled to the minimum charged by the U.S. Marshal, $40. Thresholds seeks $59.00 for serving Dr. Peoples, $52.00 for serving Burlington Northern Santa Fe R.R. and $102.00 each for service of the Claridge Hotel and Horn. Thresholds fails to justify the need for "rush service." The prevailing party's service costs may not exceed the U.S. Marshal's charges. *Id.*; *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). Accordingly, Thresholds is awarded $160.00 in service costs (4 subpoenas x $40.00).

Thresholds seeks $2,959.41 for depositions, including "administrative fees," ASCII copies, delivery charges and Min-U-Script charges. Under the Judicial Conference guidelines, "delivery costs are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts." *Hall*, 2003 WL 21518536 at *2. Thresholds' requests for the cost of ASCII diskette copies and Min-U-Script versions are also denied. *See Davis v. Teamsters Local Union No. 705*, No. 01 C 5047, 2002 WL 1359401, *3 (N.D.Ill. June 20, 2002) (ASCII copies are merely for the convenience of the attorneys); *Ochana v. Flores*, 206 F. Supp.2d 941, 945 (N.D.Ill. 2002) (costs for

3

condensed transcripts not recoverable). Administrative fees are also considered ordinary business expenses that cannot be recovered as costs. *See Menasha Corp. v. News America Marketing Instore, Inc.*, 2003 WL 21788989, *3 (N.D.Ill. July 31, 2003).

Thresholds specifically seeks $1,561.28 for Williams' deposition. Deposition transcript costs "necessarily obtained for use in the case" are authorized by U.S.C. § 1920(2). These costs may not exceed the copy rate authorized by the Judicial Conference. Local Rule 54.1(b). The Judicial Conference has authorized $3.30 as the maximum rate per page that may be charged for an original transcript, $4.40 per page for each expedited copy. *See XCO Int'l, Inc. v. Pacific Scientific Co.*, No. 01 C 6851, 2003 WL 2006595, *8 (N.D.Ill. April 29, 2003); *Hall*, 2003 WL 21518536 at *2. $40 per hour is a reasonable rate for court reporters. *Id.* Williams' deposition lasted 6.57 hours. The $4.80 per-page rate sought by Thresholds exceeds the amount allowed by the Judicial Conference. It appears to be an expedited transcript. Absent justification, Thresholds is only entitled to the $3.30 per-page rate for original deposition transcripts. *See Fait v. Hummel*, 2002 WL 31433424, *1-2 (N.D.Ill. Oct. 30, 2002). Thresholds is awarded $262.80 (6.57 hours x $40.00) in reporter attendance fees and $838.20 ($3.30 x 254 pages) in transcript fees for Williams' deposition. Its requests for ASCII costs, a condensed transcript, the administrative fee and shipping costs are denied, leaving a total of $1,101.00 ($262.80 + $838.20).

Thresholds seeks $782.23 for Dr. Peoples' deposition. The deposition lasted four hours. The transcript was 113 pages, but there is no explanation for the excessive $4.80 per-page rate. Thresholds' requests for ASCII costs, a condensed transcript, the administrative fee and shipping costs are denied. Thresholds is awarded $160.00 (4 hours x $40.00) in court reporter fees and $372.90 ($3.30 x 113 pages) in transcript costs for a total of $532.90.

Thresholds seeks $292.70 for Tracy Hagen's deposition. The transcript was 118 pages, with a per-page rate of $2.15. This rate falls within the range specified by the Judicial Conference. Thresholds is awarded $253.70 ($3.30 x 118 pages) for the cost of Hagen's deposition. Its request for the costs of the ASCII disk and delivery is denied.

Thresholds seeks $323.20 for Ingrid Knox's deposition. The transcript was 56 pages and Thresholds was charged $5.20 per-page. This rate exceeds the charge authorized by the Judicial Conference. Thresholds has not justified the excessive fee. Thresholds is awarded $184.80 ($3.30 x 56 pages) for the cost of Knox's deposition. The requests for $25.00 for an electronic copy of the transcript and $7.00 for hand delivery are denied.

Thresholds seeks $375.00 to cover the witness fee for Dr. Peoples, $325.00 in witness fees and $50.00 in transportation costs. Section 1920(3) authorizes witness fees. However, payment to a deponent may not exceed the statutory limit of $40.00, plus reasonable travel expenses and subsistence charges. 28 U.S.C. § 1821(b), (c). Absent explicit statutory authority to the contrary, expert witness fees are recoverable only to the extent § 1920 allows. *See Vardon Golf Co. v. Karsten Mfg. Corp.*, 2003 WL 1720066, *6 (N.D.Ill. March 31, 2003); *see also Woodard v. Chicago Bd. Of Educ.*, 2002 WL 31749179, *3 (N.D.Ill. Dec. 6, 2002) (expert fees and costs beyond those authorized by §§ 1920 and 1821(b) may not be awarded unless the statute expressly provides for such costs and fees). Dr. Peoples testified for 3.25 hours on September 23, 2003. The maximum Thresholds may recover is $40.00. The traveling costs Thresholds requests appear excessive. No documentation supports the $50.00 charge for Dr. Peoples to travel from Oak Park. *See Vardon Golf Co.*, 2003 WL 1720066, at *9 (N.D.Ill. March 31, 2003) (documentation necessary to recover witness travel expenses); *see also Fait*, 2002 WL 31433424 at *1-2 (witnesses should travel by common carrier).

The only documentation supporting Dr. Peoples' fee is a one-line entry in the expense report. This only proves Dr. Peoples was paid; it does not establish traveling expenses. Accordingly, Thresholds is awarded $40.00 in witness fees.

Thresholds seeks $566.25 in printing and copying costs. Williams contends that these charges are excessive because the in-house rate Thresholds' attorney charged may not exceed the rate charged by an outside print shop. Williams incorrectly cites *Manley v. City of Chicago* for this proposition. 236 F.3d 392, 398 (7th Cir. 2001). In fact, *Manley* clearly points out that there is no "bright line rule that any in-house cost above what Kinko's charges is unreasonable," and awarded a $0.15 in-house per-page rate. *Id.* at 398 (citing *Martin v. United States*, 931 F.2d 453 (7th Cir. 1991). Furthermore, the Judicial Conference has established that copy rates of between $0.10 and $0.20 are reasonable. *See Hall* 2003 WL 2158536 at *2 (citing *Pendleton v. LaSalle Nat. Bank*, 2002 WL 1880124 (N.D.Ill. Aug. 12, 2002)). Accordingly, the $0.15 rate Thresholds seeks is reasonable.

Williams further argues that Thresholds has failed to meet its burden of showing that the copies were necessary. He contends that Thresholds' copies were duplicative, going beyond the three copies of documents authorized by Local Rule 54.1(b). *See Alsaras v. Dominick's Finer Foods, Inc.*, 99 C 4226, 2001 WL 1117275, at *2 (N.D. Ill. Sept. 19, 2001) (recovery permitted for copies submitted to the court and opposing counsel) (citing *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990)). While a party is not required to prepare a bill of costs "so detailed as to make it impossible economically to recover photocopying costs," the documentation must establish that the copies were made for the case and that they were reasonable and necessary to the litigation. *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th

Cir. 1991). Moreover, the cost of copies made for a party's own use are unrecoverable. *See Hall*, 2003 WL 21518536 at * 2-3. Thresholds contends that it copied 940 pages for Williams' deposition, 913 pages for Dr. Peoples' deposition, 1813 pages for its summary judgment motion and 109 pages for its reply. There is no explanation for the number of copies made in connection with Williams' and Dr. Peoples' depositions. Therefore, the copies for these two depositions are not recoverable. *See id.* at *2-3. The copies made for the summary judgment motion and the reply are sufficiently documented. Thresholds is awarded $271.95 ($0.15 x 1813 pages) for copies of documents related to the summary judgment motion and $16.35 ($.015 x 109 pages) for copies of documents related to the reply.

## CONCLUSION

Thresholds is awarded $160.00 in service costs, $2,072.40 in deposition transcript costs, $40.00 in witness fees, and $288.30 in printing and copying fees.

October 29, 2003

ENTER:

*[signature: Suzanne B. Conlon]*

Suzanne B. Conlon
United States District Judge